**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HILTON MINCY,

                    Plaintiff,

     v.

CALIFORNIA DEPT. OF
CORRECTIONS, et al.,

               Defendants.

Case No. 2:24-cv-06853-AB (SK)

**ORDER ACCEPTING REPORT AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the grant of Defendants' motion to dismiss and the dismissal of the unserved Defendants. (Dkt. No. 32.) Plaintiff's objections to the Report do not merit a different outcome.

Plaintiff objects that the parties did not consent to the jurisdiction of the Magistrate Judge. (Dkt. 34 at 1.) On the contrary, the Magistrate Judge issued a Report in accordance with the Federal Magistrates Act, which permits the referral of this matter to the Magistrate Judge for proposed findings and recommendations.

*See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 and n.4 (9th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(B)).  The parties' "consent was not required for the magistrate judge to issue a non-dispositive report and recommendation." *Shao v. Roberts*, 2024 WL 1461953, at *1 (9th Cir. 2024).

Plaintiff objects that his pleading has not been construed liberally.  (Dkt. No. 34 at 1-2.)  But Plaintiff does not specify what was misconstrued in his pleading. The Court agrees with the Report that Plaintiff has not stated a claim against Defendants based on an allegedly false parole violation report that led to Plaintiff's custody for his parole revocation proceeding.  The California Department of Corrections and Rehabilitation ("CDCR") is not a person subject to suit under 42 U.S.C. § 1983 and is immune from monetary damages; the Eighth Amendment does not apply to custody pending parole revocation proceedings; and Plaintiff cannot show causation for his allegedly unlawful detention, because Defendant Medina was no longer Plaintiff's parole agent, and because Defendant Thomas had reasonable cause to submit a parole violation report due to Plaintiff having made criminal threats against Plaintiff's girlfriend.  (Dkt. No. 32 at 7-14.)  Moreover, attachments to the Complaint show that a report against Plaintiff for assault, which eventually was recanted, had been initiated by the girlfriend's family, not by a Defendant parole agent.  (*Id*. at 12; Dkt. No. 28-1 at 31-33; Dkt. No. 28-2 at 1-7.)

It is ordered that (1) the Report and Recommendation is approved and accepted; and (2) Defendants' motion to dismiss is granted as to all CDCR Defendants, Defendant Medina, and Defendant Thomas without leave to amend; and (3) Defendants Stromeyer and Buyard are dismissed from this action without prejudice.

DATED: May 5, 2026

_____
HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE

2